Melvin **DUBINSKY**, et al.,
Plaintiffs–Appellants,

v.

**CHEMICAL BANK**, et al.,
Defendants–Respondents.

No. 53869.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 3, 1988.

Michael Allen Markenson, Clayton, for plaintiffs-appellants.

Alan Charles Kohn, St. Louis, for defendants-respondents.

DOWD, Judge.

Plaintiffs appeal following the judgment of the trial court granting defendants-respondents summary judgment in a declaratory judgment action in which appellants sought to redeem certain tax-exempt industrial revenue bonds without penalty. We affirm the circuit court's judgment that there is no genuine issue of material fact and that respondents are entitled to judgment as a matter of law.

Appellants are the parties in a Missouri general partnership known as the Chemical Building Partnership which owns the Chemical Building located in the City of St. Louis. Respondents are the Chemical Bank and Centerre Trust Company.

In 1984, appellants sought financing in the amount of $4,500,000.00 to rehabilitate the Chemical Building. Through negotiations with respondent Chemical Bank, it was agreed that if appellants could procure the issuance of federally-tax-exempt industrial revenue bonds at a certain interest rate, the Chemical Bank would purchase all of the bonds in the amount of $4,500,-000.00.

In July 1984, appellants entered into a loan agreement with the Planned Industrial Expansion Authority of the City of St. Louis (hereinafter Expansion Authority) wherein the Expansion Authority issued industrial revenue bonds in the amount of $4,500,000.00 for the Chemical Building Project. In accordance with the previous negotiations, respondent Chemical Bank purchased all of the bonds.

The industrial revenue bonds are subject to the loan agreement between the Expansion Authority and appellants. This loan agreement was assigned by the Expansion Authority to respondent Centerre Trust Company as trustee under an Indenture of Trust dated July 1, 1984. As trustee, respondent Centerre Trust Company received the loan payments from appellants under the loan agreement and used the payments to pay respondent Chemical Bank the principal and interest on the bonds.

The bonds provide that the interest rate is tied to the corporate tax rate with the bond rate being increased in event of a decrease in the corporate tax rate, after the date of issuance of the bonds, and decreased in the case of an increase in the corporate tax rate. As a result of the Tax Reform Act of 1986, effective January 1, 1987, the maximum corporate tax rate was decreased. This decrease in the corporate tax rate operated to increase the rate of interest appellants were obligated to pay on the bonds.

On February 26, 1987, appellants notified the Expansion Authority and respondent Centerre Trust that they intended to terminate the loan agreement and prepay the principal. Respondent Chemical Bank notified appellants that it intended to enforce the prepayment premium provisions of the trust indenture.

Appellants then brought this declaratory judgment action seeking a determination that they could redeem the bonds in accordance with the loan agreement without paying a prepayment penalty. The circuit court granted respondents' motions for summary judgment concluding that respondents were entitled to judgment as a matter of law in that the trust indenture unambiguously required appellants to pay a prepayment premium if they are entitled to redeem the bonds. Further, the court concluded that under the terms of the trust indenture appellants were not even entitled to redeem the bonds as the decrease in the corporate tax rate was foreseen and specifically provided for by the parties and thus that the decrease was not an "extraordinary event" as provided in the trust indenture to allow redemption.

Our review of a summary judgment is equivalent to a review of a court-tried proceeding and therefore if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed. *City of Wright City v. Cencom of Eastern Missouri*, 699 S.W.2d 41, 42 (Mo.App.1985). In their first point appellants contend the circuit court erred in holding the decrease in the corporate tax rate was not an extraordinary event to allow for redemption of the bonds under § 301(a) of the trust indenture. In their second point appellants contend the trial court erred in determining that, even if appellants were entitled to redeem under § 301(a), that section requires the payment of a prepayment premium. As appellants sought a declaratory judgment that they were entitled to redeem

the bonds without penalty, our determination of the issues in point two is dispositive and we need not address appellants' first point.

Section 301(a) of the indenture of trust unambiguously requires the payment of a prepayment premium upon redemption. Appellants sought to redeem the bonds under § 11.1(c) of the loan agreement governing redemption where a legislative action imposes unreasonable burdens on the borrower. Section 11.1 of the loan agreement calls for redemption as provided in § 301(a) of the indenture of trust where redemption is sought under any of the conditions provided in § 11.1(a)-(c).

Section 301 of the indenture of trust provides for redemption under four conditions listed as subsections (a)-(d). Subsection (a) of § 301, that provision of the indenture of trust under which appellants sought to redeem, provides for redemption in the event of condemnation, damage, or destruction of the project or in certain other "extraordinary" events. Following the conditions for redemption provided in subsection (d) of § 301 appears a nonlettered prepayment penalty paragraph which provides in relevant part: "If all or any portion of the outstanding principal balance is prepaid during the Interest Period for any reason, other than redemption of the Bonds pursuant to the option of the Borrower upon an Event of Taxability, Borrower shall pay contemporaneously with any such prepayment a prepayment premium...." It is appellants' contention that this prepayment paragraph is a part of § 301(d) and thus does not require payment of a prepayment penalty upon redemption pursuant to § 301(a), or at the very least is ambiguous in its meaning.

Appellants' contention is without merit. Whether an ambiguity exists is a matter of law, *Zaharopoulos v. Sprenger*, 605 S.W. 2d 143, 146 (Mo.App.1980), and we agree with the trial court's determination that § 301 of the indenture of trust unambiguously requires appellants to pay a prepayment premium in order to redeem the bonds under § 301(a).

It is clear both from the physical placement and substance of the prepayment penalty paragraph that it is a general paragraph applicable to all of the subsections (a)-(d) of § 301. As to the physical placement of the paragraph, the subsections (a)-(d) appear under the heading "Section 301." The heading "Section 301" is indented ten spaces from the left margin. The subsections (a)-(d) are indented fifteen spaces from the left margin. The prepayment penalty paragraph, like the heading "Section 301," is indented only ten spaces from the left margin, indicating the paragraph is applicable to the entire section. Moreover, each subsection is lettered and typed as a single paragraph, regardless of length. In contrast, the prepayment penalty paragraph is an entirely separate nonlettered paragraph. The prepayment premium formula explained in the prepayment penalty paragraph is lengthy and the drafters simply chose to place it at the end of § 301 rather than reproduce it within each subsection.

Finally, the content of the prepayment penalty paragraph clearly shows it is a general paragraph of § 301 applicable to all of the subsections. The paragraph provides for a prepayment penalty if the bonds are redeemed for any reason other than the event of taxability of the bonds. Subsection (d) provides for redemption in the event of taxability of the bonds. Thus, if the prepayment penalty paragraph was only a part of subsection (d), as appellants contend, the provision would have no meaning. The effect would be that there could never be a prepayment penalty. A contract must be read in its entirety with effect given to each part of the instrument and "a construction that gives a reasonable meaning to all its provisions will be preferred to one that leaves a portion of the writing useless or inexplicable." *Harris v.*

*Union Electric Co.,* 622 S.W.2d 239, 248 (Mo.App.1981). To construe the prepayment penalty paragraph to be a part of subsection (d) would render the provision meaningless.

We agree with the trial court that there is no genuine issue of material fact and respondents are entitled to judgment as a matter of law in that the indenture of trust unambiguously requires appellants to pay a prepayment penalty in order to redeem the bonds.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.